## Chicago & N. W. Ry. Co. v. Emanuel Friend.

1. EXPERT WITNESSES—*Reports Prepared by Professional Expert—Compensation.*—A physician can not recover upon the basis of expert professional services for work which does not involve such services. In the absence of an express agreement as to compensation, he can only recover the fair value of the services actually rendered.

2. SAME—*Claims for Extra Compensation.*—An expert witness can not rest a claim to extra compensation upon the ground that his time is more valuable than the time of ordinary men.

3. SAME—*Compensation of Physicians and Lawyers as.*—A physician or lawyer can not sustain a claim for larger compensation than an ordinary man would be entitled to for the same services, upon the ground alone that as an expert in his profession, his time is more valuable than that of ordinary men. The service voluntarily rendered is not to be considered more valuable merely because of the greater value of the time of him who renders it, where no agreement is made beforehand as to the compensation to be paid.

Assumpsit, for physician's services. Appeal from the County Court of Cook County ; the Hon. C. F. WHEAT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Reversed and remanded. Opinion filed December 19, 1899.

The appellee, who is a physician and surgeon in Chicago, sues to recover for professional services, which he claims to have rendered appellant under an alleged contract of employment. His own statement of the contract and what he did, is to the effect that he was called upon by a representative of the appellant, who inquired if he remembered treating a certain patient at the Central Free Dispensary of Rush Medical College two or three years before. He was then asked if he would " prepare a report " of his examination of said patient. Appellee said that to do this would necessitate his going to the college and spending more or less time, to which the railroad representative replied that appellee would be recompensed for that.

It appears that this report was desired to be used in the trial of a case then pending against appellant brought by the patient referred to. Appellee was told that such case would come up for trial in a day or two, and that the report

was desired as soon as possible. Subsequently, appellee was again called upon by the appellant's representative, who, after reading the report, asked him whether he was willing to go on the stand and testify according to his diagnosis, to which appellee replied that he was. He was then asked what the report was worth, and replied, one hundred dollars.

The testimony here is conflicting, appellee stating that appellant's employe said he had not the money with him, but would send a check for it; and the railroad employe himself stating that he told appellee he did not know whether the appellant would want him to testify or not, and that he inquired what appellee's bill would be for what he had already done in making out the report, to which appellee replied that it would be $100. Appellant's employe then said, as he testifies, " Well, without stating my feeling I said to him, ' Well, Doctor,' and laughed, ' that is more money than I have got in my pocket;' and with that I walked out."

GEORGE F. HOLLOWAY, attorney for appellant; E. E. OSBORN, of counsel.

FRED. W. PROUDFOOT, attorney for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

The report prepared by appellee, and for which he seeks to recover, is given in full in the abstract, where it occupies a little over a page. It is a statement of his examination of the patient, what the examination disclosed as to physical condition, and the medicine prescribed. Appellee states that he consulted certain medical works before making the report, and spent from nine to ten hours in its preparation, which included going to the college and returning to his office or house. It is with difficulty conceivable that the preparation of such a mere statement of the case could necessarily require an examination of medical authorities, or consume so much of time. But, however that may be, the question before us is as to the value of the services rendered; this appellee is undoubtedly entitled to recover.

C. & N. W. Ry. Co. v. Friend.

There is no question as to the employment, nor that the service was rendered. But it is sought to recover for it as professional service upon the same basis as for medical or surgical work. Appellee himself says that a fair and reasonable fee would be, in his opinion, from one hundred to one hundred fifty dollars. This is, according to his testimony, upon the basis of expert professional services. And another physician called as a witness in behalf of appellee, testified evidently upon the same basis of value.

It is apparent, however, from an examination of the report, that its preparation did not involve expert professional service. The professional service had been rendered two or three years before, when the patient was first received. The preparation of the report, while it contained the results of such professional services, was not, in itself, expert professional labor, calling for expert knowledge or medical or surgical skill.

It is stated by appellee's counsel that he does not rest his cause upon any claim of account stated. Appellee might, of course, have made an agreement before he prepared or showed his report as to what his compensation should be. This was not done, and he can only recover now the fair value of the service actually rendered. In Dixon v. The People, 168 Ill. 179, on page 189, it is said that expert witnesses can not rest a claim to extra compensation upon the ground that their time is more valuable than the time of ordinary men.

It would seem to follow that a physician or surgeon or lawyer can not sustain a claim for larger compensation than an ordinary man would be entitled to for the same service, upon the ground alone, that as an expert in his profession his time is more valuable than that of such ordinary man. The service voluntarily rendered is not, in other words, to be considered more valuable merely because of the greater value of the time of him who renders it, where no agreement is made beforehand as to the compensation to be paid.

There is not sufficient evidence to enable us to act upon the suggestion of appellant's counsel and enter judgment here, for such amount as appellee is entitled to recover.

For the reasons indicated we are of opinion that testimony as to the value of appellee's time as an expert professional man was improperly admitted. In view of this conclusion it is not necessary to consider other questions presented.

The judgment of the County Court must be reversed and the cause remanded.