This is an appeal from a judgment of the district court of Osage county in a cause wherein the defendant in error was plaintiff and the plaintiff in error was defendant. The parties will be referred to herein as they appeared in the trial court.
The plaintiff filed his application in the county court for an order to require the defendant, Joseph D. Mitchell, as guardian of Frances Yarlotte, to pay plaintiff's claim for medical services rendered the ward and for certain expert testimony given on behalf of said ward in several judicial proceedings. The pertinent part of plaintiff's petition is as follows:
"That said incompetent is indebted to this petitioner in the sum of $12. for medical services rendered and performed at her special instance and request and which were necessary for the health and comfort of said incompetent. That said medical services were for professional calls made by this petitioner on the 3rd day of December, 1924, the 2nd day of January, 1925, and the 6th day of January, 1925. That said incompetent is also indebted to this petitioner in the sum of $300 for expert testimony given for and on behalf of said incompetent in proceedings commenced by her said guardian, J. D. Mitchell, to have said incompetent adjudged an insane person. That this petitioner was called as a witness for and on behalf of said incompetent on six different occasions in both the district court and the county court of Osage county, Okla., and said services of this petitioner for each of said times are reasonably worth the sum of $50, and the total amount due this petitioner for said expert testimony is $300."
The cause was determined against the plaintiff in the county court, and upon appeal to the district court, judgment was rendered in his favor, from which the defendant appeals.
For reversal, the defendant contends that the services rendered and embraced in the plaintiff's claim were not authorized by him as guardian, and, therefore, are not a legal charge against the estate of his ward.
The undisputed evidence discloses that $12 of the plaintiff's claim accrued prior to the guardianship and was rendered at the request of Frances Yarlotte, and that the charges made were reasonable. This portion of the judgment of the trial court, therefore, must be affirmed. The other services, for which the plaintiff claims $300, were performed after the appointment of the guardian. The general rule is that a third person who furnishes support or maintenance to a ward acquires no enforceable claim against the guardian or the ward's estate in the guardian's hands for payment, compensation, or reimbursement, unless there was an expressed or implied agreement with the guardian therefor. 28 Corpus Juris, 1121. No contention is made herein by the plaintiff that there was an express contract or agreement with the guardian for the performance of said services. Said services were performed by the plaintiff in proceedings instituted to have the ward declared insane and in other proceedings brought by the ward to be restored to competency. Plaintiff contends that in said proceedings the interest of the guardian became adverse to the interest of the ward, and that said services were necessary and that his action is founded upon an implied contract of the ward to pay a reasonable amount therefor.
It is insisted that the services of a physician in the instant case were as essential as those of an attorney. Cases are then cited which hold that where it is proper for an incompetent person to prosecute or defend in court, legal services will be considered as necessaries. Counsel also cite 32 Corpus Juris, 741, paragraph 536, which provides:
"A contract for legal services rendered to an insane person may be enforceable so far as the reasonable value of the services are worth; such services are considered as necessaries, and a promise to pay may be implied. * * * The extent of the liability should be restricted to necessary services and reasonable fees. But the right to recover is not necessarily dependent on the success of the litigation, where the services rendered have been faithfully and intelligently performed."
The services of the two professions, in our opinion, are not analogous in this respect, as the services of an attorney in such a case are performed under the terms of a contract. The services of a physician, in the absence of a statute to the contrary, may be performed under a contract for extra compensation, but in the instant case the plaintiff does not rely upon such a contract and testified in the trial court that he was *Page 5 
subpoenaed as a witness in the case or he probably would not have appeared and testified.
Under the provisions of section 1452, C. O. S. 1921, witnesses may be required to appear and testify in such proceedings as in other cases, and may be called and examined by the judge on his own motion, and section 6436, C. O. S. 1921, provides that such witnesses shall be paid $1 per day for such services. The fact that a witness appears and testifies in answer to lawful process certainly could not create an implied agreement that the party for whom he testified would pay him compensation in addition to that provided by law. A physician cannot sustain a claim for larger compensation than an ordinary man would be entitled to for the same services, upon the ground alone that as an expert in his profession his time is more valuable than that of ordinary men. The service voluntarily rendered is not to be considered more valuable merely because of the greater value of time of him who renders it, where no agreement is made beforehand as to the compensation to be paid. Chicago N.W. Ry. Co. v. Friend, 86 Ill. App. 157.
From the foregoing, we conclude that the trial court erred in rendering judgment for $300 as expert witness fees. The judgment is, therefore, reversed, and the cause remanded, with directions to render judgment for the plaintiff in the sum of $12.
PHELPS, LESTER, HUNT, RILEY, CLARK, and HEFNER, JJ., concur.